USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EDWARD DEMIRDJIAN,

                        Petitioner,         17-CV-4547 (PGG)(SN)

      -against-                          **OPINION AND ORDER**

T. GRIFFIN,

                        Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On July 13, 2017, the Honorable Paul G. Gardephe referred this habeas corpus petition to me for a report and recommendation. See 28 U.S.C. § 636(b)(1)(A).

**MOTION FOR EXTENSION**

By letter addressed to Judge Gardephe, Petitioner Edward DeMirdjian requests a 90-day extension to file his reply brief. Pursuant to the Court's Order to Answer, Petitioner's time to file a reply would be October 13, 2017. The Petitioner's request is GRANTED in part and DENIED in part. The Court will not grant Petitioner an additional 90 days to file his reply brief, but a more modest extension is appropriate given that Petitioner is proceeding pro se and lacks familiarity with the legal system. Petitioner shall file his reply brief no later than Monday, December 12, 2017. This extension provides Petitioner with a full 90 days to prepare his reply brief.

In addition, to the extent the Respondent has not served Petitioner with all of the records identified in the September 7, 2017 Affirmation of Deborah L. Morse, Respondent must do so immediately and advise the Court of the same.

Finally, the Court will mail a copy of the docket sheet to Petitioner with this Order.

# MOTION FOR APPOINTMENT OF COUNSEL

By letter motion dated September 13, 2017, Petitioner moves the Court to appoint pro bono counsel. For the reasons set forth below, the motion is DENIED.

Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require. See 18 U.S.C. § 3006A(a)(2)(B). The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id.

Here, Petitioner claims that the prosecutor deprived him of a fair trial in state court by making improper comments during summation. Petitioner also claims that his trial counsel provided ineffective assistance. The merits of Petitioner's claims are not so apparent as to warrant the appointment of counsel. Accordingly, the Court denies Petitioner's application without prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 13.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: October 4, 2017
New York, New York

cc: Edward DeMirdjian (*by Chambers*)
13-A-2020
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582-0010